**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff-Appellee,<br><br>  v.<br><br>DANNY RAY LOWE,<br><br>                 Defendant-Appellant. | No.   22-35935<br><br>D.C. Nos.  3:22-cv-00024-RRB<br>             3:17-cr-00133-RRB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted October 3, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE,[***] District
Judge.

Danny Ray Lowe appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his convictions for attempted sex trafficking of a minor, 18

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Robert L. Hinkle, United States District Judge for the
Northern District of Florida, sitting by designation.

U.S.C. §§ 1591(b)(1) and 1594, and attempted enticement of a minor, 18 U.S.C. § 2422(b), after he showed up at a motel where he believed two children were available to have sex with him. He believed this based on a long series of texts with a person claiming to be the children's aunt. As it turned out, there were no children and no aunt; Mr. Lowe had been communicating with an undercover officer. The district court granted a certificate of appealability on one issue: whether Mr. Lowe's trial attorney rendered ineffective assistance by failing to object to the jury instructions on intent. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

1. As the government concedes in its answering brief, Mr. Lowe's supplemental motion addressing the certified claim was timely under the doctrine of equitable tolling.

2. The district court correctly concluded that Mr. Lowe's counsel's failure to object to the mens rea jury instructions was not deficient performance. To prevail on an ineffective-assistance claim, a defendant must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The critical issue at trial—the only real point of contention—was Mr. Lowe's intent. Both sides pitched it to the jury that way. The evidence that Mr. Lowe went to the motel to have sex with the children was overwhelming. The texts made this clear, and Mr. Lowe had with him money, condoms, and lubricant,

as he said in the texts he would.  Mr. Lowe testified, though, that he was there to rescue the children, not to have sex with them.  The jury did not buy it.

The jury instructions stated that the jury could convict Mr. Lowe only if he "knowingly attempted" to engage in the criminal conduct at issue—enticing a child to engage in a commercial sex act or sexual activity—and did something "that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime."  On the first part of this, the Ninth Circuit's model attempt instruction uses "intended" rather than "knowingly attempted."  Mr. Lowe says his attorney should have objected.

At least in the context of this case, the different wording made no difference. The instructions well presented the critical issue of Mr. Lowe's intent.  Failing to object to wording that could not possibly affect the outcome is not deficient performance.  And even more clearly, the attorney's failure to object here caused no prejudice.  The district court properly rejected Mr. Lowe's contrary claim.

**AFFIRMED.**